United States District Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVIA S.,[1] | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 4:23-cv-1350 |
| | § | |
| MARTIN O'MALLEY, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM AND ORDER</u>[2]

Plaintiff Sylvia S. ("Plaintiff"), proceeding *pro se*, filed the instant suit seeking "a disability sticker for [her vehicles]." Compl., ECF No. 1 at 2. Commissioner filed a motion for summary judgment construing Plaintiff's complaint as an appeal from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II ("the Act") and asserting that the ALJ's denial is based on correct legal standards and substantial evidence. Because the Court does not have the jurisdiction to authorize a handicap placard for Plaintiff, the Court grants Defendant's motion

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On September 28, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF No. 9.

for summary judgment. ECF No. 11.

## I.    BACKGROUND

Plaintiff is 66 years old, R. 63[3] and attended some college. R. 48–49. Plaintiff worked as a hospital admitting clerk, surgery scheduler, accounts receiving clerk, and medical records clerk. R. 75. Plaintiff alleges a disability onset date of August 4, 2020. R. 30. Plaintiff claims she suffers from physical impairments. R. 64.

On February 2, 2021, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 219–20. Plaintiff based[4] her application on diabetes, high blood pressure, obesity, torn right shoulder cuff, left side hip sciatica, swollen ankle right, vertigo, tinnitus, arthritis ankles both. R. 64. The Commissioner denied Plaintiff's claim initially, R. 63–77, and on reconsideration. R. 79–85.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 28. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 46. The ALJ issued a decision denying Plaintiff's request for benefits. R. 25–44. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 1–6.

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 12.

[4] For Plaintiff's disability insurance benefits, the relevant time period is August 4, 2020— Plaintiff's alleged onset date—through March 31, 2024—the date through which Plaintiff meets the insured status requirements of the Act. R. 30. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin,* 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

Plaintiff then filed the instant lawsuit. ECF No. 1.

## II. THE COURT LACKS JURISDICTION TO AWARD PLAINTIFF'S REQUESTED RELIEF.

In its entirety, Plaintiff's complaint reads:

> I am here to plead that I can no longer work. I suffered [two years] with my pain/symptoms listed on my file from 2018 to 2020 when I could no longer take it. Yes, I wanted to leave in 2020 during the Covid [and] Memorial Hermann offered a severance package, but I was denied as I was needed in my position. I knew I could no longer wake up so early just to get dressed [and] ready for work by 8 a.m. with my symptoms (you have my file). My chronic pain will never get better only worse . . .. Relief sought is a disability sticker for my 2007 Nissan Versa [and] 2000 Expedition.

ECF No. 1 at 2.

At base, Plaintiff sued the Commissioner of the Social Security Administration and seeks a handicap placard. However, the Court is unable to award such relief. "In general, a court has no subject matter jurisdiction over claims against the United States unless Congress has specifically granted a waiver of sovereign immunity." *Small v. Colvin*, No. CV H-14-790, 2015 WL 12551992, at \*8 (S.D. Tex. July 29, 2015), *report and recommendation adopted*, No. CV H-14-790, 2015 WL 12586075 (S.D. Tex. Aug. 17, 2015) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). Congress has waived the Commissioner's sovereign immunity with respect to a district court's review of a Commissioner's decision under 42 U.S.C. § 405(g). *See id.* "42 U.S.C. § 405(h) expressly limits jurisdiction in claims brought under § 405(g), stating that 'no action against the United States, the Commissioner

of Social Security, or any officer or employee thereof shall be brought under section 1331[5] or 1346[6] of title 28 United States Code, to recover on any claim arising under this subchapter.'" *Id.* (quoting 42 U.S.C. § 405(h)). "Therefore, a plaintiff is barred from bringing other claims, even if immunity from such claims is waived by the government in other circumstances." *Id.* (citing *Fabian v. Colvin,* No. SA–14–cv–141, 2014 WL 3952803 at *3 (W.D. Tex. 2014)). Therefore, the Court is "limited to determining whether the Commissioner applied the proper legal standards and whether substantial evidence supports the decision to deny benefits." *Id.* (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

Further, the Texas Department of Motor Vehicles, who provides for the issuance of a disabled parking placard, "is an entirely separate government entity from the Social Security Administration." *Solanki v. Colvin*, No. 4:15-CV-03250, 2016 WL 7742816, at *2 (S.D. Tex. Aug. 3, 2016), *report and recommendation adopted*, No. 4:15-CV-03250, 2016 WL 4939567 (S.D. Tex. Sept. 13, 2016) (citing TEX. TRANSP. CODE § 681.003(c) *with* 20 C.F.R. § 404.1545); *see also* TEX. TRANSP. CODE § 681.002(a) ("The department shall provide for the issuance of a disabled parking placard to a person with disability"). "To obtain a handicap parking placard

---

[5] 28 U.S.C. § 1331 states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[6] 28 U.S.C. § 1346 delineates the manner in which the United States may be sued as a defendant. 28 U.S.C. § 1346.

in Texas, the applicant must provide a written prescription from a physician 'certifying and providing evidence acceptable to the department that the person making the application . . . has a mobility problem that substantially impairs the person's ability to ambulate." *Id.* (quoting TEX. TRANSP. CODE § 681.003(c)).

Accordingly, the Court is unable to grant Plaintiff's requested relief.

## III.   DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

Insofar as *pro se* Plaintiff filed this suit seeking judicial review of an administrative decision, the Court will review the ALJ's decision and Commissioner's motion for summary judgment. *See Madrigal v. Kijakazi*, No. 4:19-CV-2499, 2021 WL 5659191, at *2 (S.D. Tex. Nov. 4, 2021), *report and recommendation adopted*, No. 4:19-CV-02499, 2021 WL 5639617 (S.D. Tex. Nov. 30, 2021) ("However, because Plaintiff is pro se, the Court will review the ALJ's decision and Commissioner's Motion for Summary Judgment.") (citing *Ominski v. Northrup Grumman Shipbuilding, Inc.*, 466 F. App'x 341, 345 (5th Cir. 2012) (affording the plaintiff "the leeway to which she is entitled as a pro se petitioner"))).

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. 42 U.S.C. § 405(g); *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). "Substantial evidence" means "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving her disability. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)). A claimant is eligible for benefits only if the onset of the impairment started by the date the claimant was last insured. *Id.* (citing *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)).

Commissioner applies a five-step sequential process to determine disability

status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

The ALJ here determined Plaintiff was not disabled at step four. R. 38–39. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date through her date last insured. R. 30 (citing 20 C.F.R. § 404.1571 *et seq*.,). At step two, the ALJ found that Plaintiff has the following severe impairments: hearing loss, diabetes, obesity, disorders of the lumbar spine, arthritis of the ankles, chronic kidney disease, torn right shoulder rotator cuff, and urge urinary incontinence. R. 30–31 (citing 20 C.F.R. § 404.1520 (c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 31–33 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to occasional climbing of ramps, stairs, stooping, kneeling, crouching, crawling, and balancing with no

climbing of ladders, ropes, and scaffolds, should avoid all exposure to unprotected heights and hazardous machinery, and can have frequent right arm reaching but only occasional overhead reaching. R. 33–38. At step four, the ALJ determined that through the date last insured, Plaintiff was able to perform her past relevant work as a scheduler/planner, medical biller, medical record clerk, and medical clerk. R. 38–39 (citing 20 C.F.R. § 404.1565). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 39.

Here, in his nineteen-page decision, the ALJ thoroughly reviewed Plaintiff's case. R. 25–44. The ALJ properly considered the medical evidence, Plaintiff's subjective complaints, and the opinion evidence. R. 33–38. The Court cannot "reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan*, 38 F.3d at 236. The question before the Court is whether substantial evidence supports the ALJ's findings. *See Barnes v. Astrue*, No. 07-CV-4377, 2008 WL 5348225, at *11 (S.D. Tex. Dec. 22, 2008) ("The issue is not how much evidence supports a finding of disability, but, rather, whether substantial evidence supports the ALJ's finding that Plaintiff was not disabled."). Here, the amount of evidence supporting the ALJ's decision is far "more than a mere scintilla." *Hardman*, 820 F.3d at 147. Substantial evidence supports the ALJ's decision. *See Madrigal*, 2021 WL 5659191, at *3; *see also Tate v. Kijakazi*, No. 4:20-CV-1491, 2022 WL 960058, at *4 (S.D. Tex. Jan. 26, 2022), *report and*

*recommendation adopted*, No. 4:20-CV-01491, 2022 WL 956180 (S.D. Tex. Mar. 30, 2022).

## IV.   CONCLUSION

Therefore, it is **ORDERED** that Commissioner's motion for summary judgment, ECF No. 11, is **GRANTED**, and this action is **DISMISSED** with prejudice.

Signed at Houston, Texas, on January 29, 2024.

**Dena Hanovice Palermo**
**United States Magistrate Judge**